FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ NOV 04 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEITH DOHERTY,

       Plaintiff,

  -against-

SUFFOLK COUNTY, SUFFOLK COUNTY LEGAL
LEGAL AID SOCIETY,

       Defendants.
----------------------------------------------------------------X

ORDER
13-CV-4272 (JFB)(WDW)

JOSEPH F. BIANCO, District Judge:

On July 25, 2013, incarcerated *pro se* plaintiff Keith Doherty ("plaintiff") filed an *in forma pauperis* complaint against Suffolk County and the Suffolk County Legal Aid Society alleging, pursuant to 42 U.S.C. § 1983 ("Section 1983"), that he was denied due process, that he received ineffective assistance of counsel, and that the judge who presided over his case failed to protect his constitutional rights.

Upon review of the declarations accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

However, for the reasons that follow, the Court concludes that plaintiff has failed to allege a plausible claim on which relief may be granted. Thus, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but plaintiff will be given an opportunity to cure these defects by filing an amended complaint.

## I. BACKGROUND

All allegations in plaintiff's complaint are assumed to be true for the purposes of this Order. *See, e.g., Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Plaintiff's brief, handwritten complaint submitted on the Court's Section 1983 complaint form is difficult to comprehend. In its entirety, plaintiff alleges the following facts:

> I was Denied Due Process and Effective Assistance of Counsel. The Legal Aid Society left me stranded on sentence day March 18, 2012 because they knew I was being overcharged with a class E felony. The Suffolk County Judge is supposed to protect my rights of the constitution.

Compl. at ¶ IV. For relief, plaintiff seeks to recover a "cash reward" of $300,000.00 for his alleged extreme emotional distress and mental anguish. Compl. at ¶¶ IV.A-V.

## II. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

### B. Adequacy of the Pleadings

#### 1. Legal Standard

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d

2

197, 200 (2d Cir. 2004). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although "detailed factual allegations" are not required, the federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 US. at 555).

Here, plaintiff brings claims under Section 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 does not create any independent substantive right; rather, it is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, "a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

## 2. Application

Plaintiff's allegations are too conclusory to permit judicial consideration. The complaint makes broad, conclusory accusations that are wholly devoid of any factual support. *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim"); *see also Leogrande v. New York*, No. 08-CV-3088 (JFB)(ARL), 2013 WL 1283392, at *12 (E.D.N.Y. Mar. 29, 2013).

Moreover, with regard to plaintiff's Section 1983 claim against Suffolk County, plaintiff has failed to allege that the alleged constitutional violations resulted from a municipal policy, practice, or custom. Under *Monell v. Department of Social Services of the City of New York*, a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." 436 U.S. 658, 694 (1978). It is well-established that "a municipal entity may only be held liable where the entity itself commits a wrong; 'a municipality cannot be held liable under § 1983 on a respondeat superior theory.'" *Pooler v. Hempstead Police Dep't*, 897 F. Supp. 2d 12, 20-21 (E.D.N.Y. 2012) (quoting *Monell*, 436 U.S. at 691); *see Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.") (emphasis in original); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*."). Given that plaintiff has made no allegations regarding a municipal policy, practice, or custom in his complaint, he has failed to state a plausible Section 1983 claim against Suffolk County.

With regard to plaintiff's Section 1983 claim against the Suffolk County Legal Aid Society, plaintiff has failed to allege that the Suffolk County Legal Aid Society acted under color of state law to deprive him of his constitutional rights. As noted above, in order to state a claim for relief under Section 1983, a plaintiff must establish a deprivation of constitutional rights "under color of state law." *Snider*, 188 F.3d at 53. Section 1983 liability may be imposed only upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (citation omitted). Generally, attorneys, whether with the Legal Aid Society, court-appointed, or privately retained, are not state actors for purposes of Section 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Moreover, plaintiff's complaint does not allege that the Suffolk County Legal Aid Society, as a private actor, "acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal citations and quotation marks omitted).

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (internal citations and quotation marks omitted); *see Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

In an abundance of caution, plaintiff is afforded leave to file an amended complaint alleging

a plausible claim in accordance with this Order. Any amended complaint shall be clearly labeled "AMENDED COMPLAINT." Plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, and his failure to do so will lead to the dismissal of his claims with prejudice.

III. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted, but his complaint is *sua sponte* dismissed. **Plaintiff shall file an amended complaint within thirty (30) days from the date of this Order, and his failure to do so will lead to the dismissal of his claims with prejudice.** No summonses shall issue at this time. The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Joseph F. Bianco
United States District Judge

Dated: November 4, 2013
Central Islip, New York

6